UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELP INC., | No. C 12-01444 DMR |
|     Plaintiff, | **ORDER DENYING ADMINISTRATIVE MOTION TO SEAL RECORDS** |
|     v. | |
| DATAFINITI LLC, *et al.*, | |
|     Defendants. | |

Before the court is the parties' joint administrative motion to seal records in this case. [Docket No. 36.] The parties seek an order sealing the following three documents: 1) Defendants' motion to dismiss the complaint, or in the alternative, to transfer the case ("motion to dismiss"), which was filed on April 26, 2012; 2) the April 24, 2012 declaration of Defendant Shion Deysarkar in support of the motion to dismiss ("Deysarkar Decl."); and 3) Defendants' request for judicial notice in support of the motion to dismiss, attached to which is a copy of a Complaint which was filed in the United States District Court, Southern District of Texas by a predecessor entity to Defendant Datafiniti, LLC against Plaintiff Yelp, Inc. [Docket Nos. 10, 10-1, 10-2.]

The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). When a party seeks to seal judicial records filed in connection with dispositive motions, a "compelling reasons" standard applies. *Id.* at 1179. This standard derives from the common law right "to inspect and copy public records and

documents, including judicial records and documents." *Id*. at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (citations and internal quotation marks omitted). "[A] 'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments."[1] *Id*. at 1180. As the court in *Kamakana* stated:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. . . . The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. at 1179 (citing *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)) (citation and internal quotation marks omitted).

As the documents at issue were attached to a motion to dismiss, which is a dispositive motion, the "compelling reasons" standard applies. The court concludes that the parties have not demonstrated compelling reasons for sealing the documents. The parties argue that compelling reasons exist to seal the documents because they contain or refer to confidential settlement communications between the parties and are therefore privileged under Federal Rule of Evidence 408. However, the court has reviewed the documents and it is unclear that the documents actually contain or refer to confidential settlement communications. For example, both the motion to dismiss and Deysarkar declaration contain references to a cease-and-desist letter and certain demands by Plaintiff Yelp, Inc., but do not actually contain any information about settlement discussions. (Mot. to Dismiss 4, Deysarkar Decl. ¶¶ 9, 10.) Moreover, a party to this litigation publicly filed each of

---

[1] In contrast, a "'good cause' showing . . . will suffice to keep sealed records attached to *non-dispositive* motions." *Kamakana*, 447 F.3d at 1180 (emphasis added) (citation omitted). As part of the distinction between documents attached to dispositive motions and those attached to non-dispositive motions, the Ninth Circuit has noted that "private materials unearthed during discovery are not part of the judicial record." *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801 (9th Cir. 2007) (quoting *Kamakana*, 447 F.3d at 1180). Federal Rule of Civil Procedure 26(c)'s "good cause" standard applies to such documents. *Pintos*, 504 F.3d at 801.

the documents at issue, and the documents have been in the public record for at least eight months with neither party taking any action to protect the confidentiality of the information contained therein.[2] Accordingly, as the parties have not overcome the strong presumption of access to judicial records to justify sealing the documents, *see Kamakana,* 447 F.3d at 1178, the request for a sealing order is DENIED.

IT IS SO ORDERED.

Dated: January 14, 2013



DONNA M. RYU
United States Magistrate Judge

---

[2] In fact, it appears that the Complaint attached to the request for judicial notice has been in the public record for nearly a year, as it was apparently filed on January 25, 2012. The parties did not indicate whether they have sought and/or received an order from the United States District Court, Southern District of Texas sealing the Complaint.